UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELUID JOSEPH MENDOZA,<br><br>               Plaintiff,<br><br>    v.<br><br>DOUBLEROAD TRUCK & BUS TYRES, et al,<br><br>               Defendants. | Case No. 1:22-cv-01390-JLT-SKO<br><br><u>FIRST SCREENING ORDER</u><br><br>ORDER FOR PLAINTIFF TO:<br><br>(1) FILE A FIRST AMENDED COMPLAINT;<br><br>(2) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS COMPLAINT; OR<br><br>(3) FILE A NOTICE OF VOLUNTARY DISMISSAL<br><br>(Doc. 1)<br><br>THIRTY-DAY DEADLINE |

Plaintiff Eluid Joseph Mendoza is proceeding pro se and *in forma pauperis* in this action. Plaintiff filed his complaint on October 28, 2022. (Doc. 1 ("Compl.").) Upon review, the Court concludes that the complaint fails to state any cognizable claims.

Plaintiff has the following options as to how to proceed. He may file an amended complaint, which the Court will screen in due course. Alternatively, Plaintiff may file a statement with the Court stating that he wants to stand on this complaint and have it reviewed by the presiding district

1

judge, in which case the Court will issue findings and recommendations to the district judge consistent with this order. Lastly, he may file a notice of voluntary dismissal. If Plaintiff does not file anything, the Court will recommend that the case be dismissed.

## I.  SCREENING REQUIREMENT

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint may be dismissed as a matter of law for failure to state a claim based on (1) the lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). The plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94

(2007). The Court, however, need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

## II.   SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff's complaint lists seven defendants, all of whom he describes as citizens or entities of China doing business as an export company: (1) May Xu; (2) Owen Jin; (3) Jian Huang; (4) Q&J Industries, Inc.; (5) Doubleroad Truck & Bus Tyres; (6) East Up; and (7) Q&J Industrial Group Co., Ltd. (Compl. at 1–4.) Plaintiff also lists Does 1-10 as defendants—real people whose true names are unknown to Plaintiff, but whom he alleges "post electronic messages with false contents on Facebook social media" and who "have gone to extra measures to shield their identities." (Compl. ¶ 7.) Plaintiff states that jurisdiction is based on federal question and diversity of citizenship. (Compl. ¶ 8.)

Plaintiff brings this action on behalf of himself, doing business as Truck Tire Warehouse, LLC, alleging five causes of action: (1) breach of fiduciary duty; (2) breach of contract; (3) breach of insurance contract; (4) negligence; and (5) "common counts." (*See* Compl. at 1–2.) Plaintiff alleges that on or about October 4, 2017, he entered into an agreement with Defendants to purchase about 262 commercial tires ("a container"), for which he prepaid $36,040. (Compl. ¶¶ 12–13.) Plaintiff further alleges he purchased a cargo transportation insurance policy for the delivery of the tires to his place of residence in Pixley, California. (Compl. ¶ 14.) According to Plaintiff, pursuant to the contract and shipping delivery agreement, maximum responsibility, shipping costs, and the obligation to arrange tax payments were placed on the seller. (Compl. ¶ 15.)

Plaintiff alleges the container was never delivered to him in Pixley. (Compl. ¶ 16.) Instead, on or around November 10, 2017, the container was seized by the United States Customs and Border Patrol because Defendants did not properly submit requisite documents related to the delivery. (Compl. ¶ 17.) Plaintiff alleges that on or around December 20, 2017, Defendant Xu asked Plaintiff to obtain an attorney to draft a petition contesting seizure of the container, which Plaintiff agreed to do himself. (Compl. ¶ 18.) Plaintiff alleges the agreement was that he would be

reimbursed for all out-of-pocket costs totaling around $22,311.19. (Compl. ¶¶ 18–19.) Plaintiff alleges Defendant Xu stated that because the container had been delivered to the United States, its seizure was now his "'problem,'" and he did not hear back from Defendant Xu until Customs granted his petition and an agent from Defendant DoubleRoad offered assistance to him. (Compl. ¶ 19.) Plaintiff alleges he received a text message from Defendant Xu stating he would be reimbursed for all costs, so he submitted an itemized receipt. (Compl. ¶¶ 19–20.)

Plaintiff alleges he did not hear back from Defendants for over two years until he began posting about his story on a LinkedIn discussion board; Defendant Jin, the president of DoubleRoad, contacted Plaintiff, asked him to remove the story, and indicated a willingness to discuss payment. (Compl. ¶ 20.) However, once the story was removed off of LinkedIn, Defendants failed to pay Plaintiff. (*Id.*) When the tires were released from Customs in April of 2019, and Plaintiff finally received them, the container was missing 40 tires and they were weathered down to the point where they could not be sold as new. (Compl. ¶ 21.) Accordingly, Plaintiff seeks the following relief: $27,311.62 as costs incurred by him pursuant to "Any Agreement;" that Defendants reissue 266 tires to him or the "current value of $62,000,00" for the seized container; or that Defendants pay him $89,311.62. (Compl. at 13.) The prayer for relief also seeks an award for treble damages or any such relief as may be deemed just and proper. (*Id.*)

### III.   DISCUSSION

For the reasons discussed below, the Court finds that the complaint does not state any cognizable claims. Plaintiff shall be provided with applicable legal standards and will be granted an opportunity to file an amended complaint to correct the identified deficiencies.

**A.   Plaintiff Has Not Pleaded Any Cognizable Federal Claims**

1.   Legal Standard

Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court. *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377

(1994); *Willy v. Coastal Corp.*, 503 U.S. 131, 136–37 (1992). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)).

Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings. *Attorneys Trust v. Videotape Computer Prods., Inc.*, 93 F.3d 593, 594–95 (9th Cir. 1996). A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999). It is the obligation of the district court "to be alert to jurisdictional requirements." *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. *See Morongo*, 858 F.2d at 1380.

The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which confer "federal question" and "diversity" jurisdiction, respectively. Federal jurisdiction may also be conferred by federal statutes regulating specific subject matter. "[T]he existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." *ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000).

Pursuant to 28 U.S.C. § 1331, federal district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). The presence or absence of federal question jurisdiction is governed by the "'well-pleaded complaint rule.'" *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under this rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Pursuant to 28 U.S.C. § 1332, district courts have diversity jurisdiction only over "all civil

actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: (1) "citizens of different States;" (2) "citizens of a State and citizens or subjects of a foreign state;" (3) "citizens of different States and in which citizens or subjects of a foreign state are additional parties;" and (4) "a foreign state . . . as plaintiff and citizens of a State or of different States." "To demonstrate citizenship for diversity purposes a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States." *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). "Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litigation*, 549 F.3d 1223, 1234 (9th Cir. 2008).

      2.     Analysis

Plaintiff alleges that jurisdiction in this case is proper because the case involves "federal questions" under 28 U.S.C. § 1331 and "diversity of citizenship of the parties" under 28 U.S.C. § 1332, in which the citizen of one state sues a citizen of another state or nation and the amount in controversy exceeds $75,000. (Compl. ¶ 8; *see id*. ("The issue presented is one of diversity of citizenship federal law and/or regulation.").)

As to federal question jurisdiction, Plaintiff's mere invocation of the relevant statute is not sufficient to create subject matter jurisdiction. Section 1331 is a purely jurisdictional statute that does not, on its own, create a private right of action. *See Montana-Dakota Util. Co. v. Northwestern Pub. Serv. Co.*, 341 U.S. 246, 249 (1951) ("The Judicial Code, in vesting jurisdiction in the District Courts, does not create causes of action, but only confers jurisdiction to adjudicate those arising from other sources which satisfy its limiting provisions."); *see also White v. Paulsen*, 997 F. Supp. 1380, 1382–83 (E.D. Wash. 1998) (citing *In re Estate of Ferdinand Marcos, Human Rights Litig.*, 25 F.3d 1467, 1474–75 (9th Cir. 1994)). At best, the complaint alleges state law claims such as breach of fiduciary duty, breach of contract, and/or negligence. Such allegations do not give rise to any federal claims. If Plaintiff elects to amend his complaint, he must allege facts establishing a cause of action "arising under" federal law to proceed in federal court.

As to diversity jurisdiction, Plaintiff alleges that he, a citizen of California, entered into a contract for the delivery of tires with Defendants, citizens or entities of China, and that Defendants

later breached the contract, breached their fiduciary duties, and acted negligently, causing Plaintiff harm. (*See* Compl. at 1–4.) Liberally construed, these allegations establish diversity of citizenship. *See Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) ("in contract cases, we typically inquire whether a defendant 'purposefully avails itself of the privilege of conducting activities' or 'consumate[s] [a] transaction' in the forum, focusing on activities such as delivering goods or executing a contract.").

Plaintiff, however, alleges several amounts in controversy, one of which exceeds $75,000. (Compl. at 13.) These amounts do not appear to be wholly substantiated. For example, Plaintiff alleges he is owed $62,000 by way of damages for the tires, which does not reflect the original price of $36,040 that he paid for the tires, but rather, their "current price." (Compl. ¶ 45.) He provides no evidence corroborating this amount. Similarly, in various areas of the complaint, Plaintiff lists different out-of-pocket costs associated with the seizure of the container by Customs. (*See, e.g.*, Compl. ¶ 18 (total costs of $22,613); *id*. (total costs of $22,311.19); Compl. ¶ 19 (total reimbursement amount of $22,613.19); Compl. ¶ 43 (total costs of $22,311.62); Compl. at 13 (costs incurred by Plaintiff amounting to $27,311.62). Plaintiff cites Exhibits E and F in the complaint as the text of reimbursement from Defendant Xu and receipt of the costs, respectively, which do not indicate costs upward of $22,000 related to the seizure of the goods. To the contrary, Exhibit F contains several references to charges totaling $3,885. (*See, e.g.*, Compl. at 51 ("Joe can pay for [charges of $3,885.29] and we will return him after container released."); Compl. at 52 ("You will need to pay the charges of $3,885.29 shown on the enclosed lien notice. This appears to be the seizure charges for trucking and storage for California Cartage Company.").) Exhibit H contains an itemization of costs presumably associated with the seizure, but those total costs also do not amount to $22,000. (*See* Compl. at 56.)

Thus, it is unclear how Plaintiff arrived at the alleged amount in controversy. Should Plaintiff elect to file an amended complaint, he must substantiate his alleged $89,311.62 amount in controversy and request for treble damages by submitting declarations and other evidence specifying the nature and amount of his damages.

**B.     Rule 8**

As set forth above, Rule 8 of the Federal Rules of Civil Procedure states that a complaint must contain "a short and plain statement" showing entitlement to relief. Fed. R. Civ. P. 8(a)(2). "A '[s]hotgun pleading occurs when one party pleads that multiple parties did an act, without identifying which party did what specifically; or when one party pleads multiple claims, and does not identify which specific facts are allocated to which claim.'" *Courtney v. Hous. Auth. of the Cty. of Kings*, No. 1:20-cv-01296-NONE-SKO, 2021 WL 168285, at *4 (E.D. Cal. Jan. 19, 2021). "This violates Rule 10 of the Federal Rules of Civil Procedure, which requires that '[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances,' and Rule 8." *Id*. Although the Federal Rules use a flexible pleading policy, Plaintiff is required to give fair notice to Defendants as to the bases of the claims and must allege facts that support the elements of the claims plainly and succinctly. A complaint must contain sufficient factual allegations to give Defendants fair notice of each claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555.

Here, Plaintiff sets forth his factual allegations and causes of action in numbered paragraphs such that he may be able to allege cognizable claims against certain defendants. The major deficiency, however, with the complaint as currently pleaded is that it is an impermissible "shotgun" pleading. Plaintiff's complaint alleges various claims but does not state which facts relate to which claim or Defendants, or how the facts relate to the legal claims raised, and the factual allegations are largely repetitive of one another. This is not permissible because it does not give Defendants "fair notice" of the claims against which they must defend and the facts and legal theories that give rise to the claims. In any amended complaint, **Plaintiff must clearly state which claim is against which Defendant, the legal basis for the claim, and the facts that support and show that the specific defendant committed the violation asserted as the legal basis for the claim.** *See* **Fed. R. Civ. P. 8(a)**. The failure to do so shall result in dismissal of this action.

**C.     Leave to Amend**

The Court has screened Plaintiff's complaint and finds that it fails to state any cognizable

claims. Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint so he can provide additional factual allegations. *Lopez*, 203 F.3d at 1130.

Plaintiff is granted leave to file an amended complaint within thirty days. He is cautioned that an amended complaint supersedes all prior complaints filed in an action, *Lacey v. Maricopa Cty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Although Plaintiff has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff has a choice on how to proceed. Plaintiff may file an amended complaint if he can substantiate the amount in controversy for purposes of subject matter jurisdiction and he believes that additional true factual allegations would state cognizable claims as to each Defendant named in the complaint. If Plaintiff files an amended complaint, the Court will screen that complaint in due course. Alternatively, Plaintiff may choose to stand on his complaint subject to the Court issuing findings and recommendations to a district judge consistent with this order. Lastly, Plaintiff may file a notice of voluntary dismissal.

## IV.   ORDER

Based on the foregoing, IT IS ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall either:
   a. File a First Amended Complaint;
   b. Notify the Court in writing that he wants to stand on this complaint; or
   c. File a notice of voluntary dismissal.
2. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended

9

complaint "First Amended Complaint" and refer to case number 1:22-cv-01390-JLT-SKO.

3. Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated:   **February 10, 2023**                    /s/ *Sheila K. Oberto*
                                                                         UNITED STATES MAGISTRATE JUDGE